**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SARAH DODSON, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 19-CV-07984 |
| vs. | ) ) | |
| NATIONAL MONEY MAN 4 CASH ADVANCE, LLC | ) ) | <u>Jury Demanded</u> |
| Defendant. | ) | |

**CLASS ACTION COMPLAINT**

Plaintiff Sarah Dodson, on behalf of herself and a putative class, brings this action under

the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA"), and alleges:

**JURISDICTION AND VENUE**

1.      This Court has federal question subject matter jurisdiction over this action

pursuant to 28 U.S.C. § 1331 with respect to Plaintiff's TCPA claims. *Mims v. Arrow Financial*

*Services, Inc.*, 132 S. Ct. 740 (2012).

2.      This Court has personal jurisdiction over Defendant and venue is appropriate in

this District under 28 U.S.C. § 1391(a) because Defendant does business in this District, made

the calls that are the subject of this lawsuit to Plaintiff and others in this District, and because a

substantial portion of the events giving rise to this cause of action occurred in this District.

**STANDING**

3.      Defendant placed calls to Plaintiff's cell phone using an automated dialer and pre-

recorded message without her consent.

4.      Plaintiff has a congressionally defined right to be free of automated calls to her

cell phone for which she has not given her express consent.

1

5.     Plaintiff has thus suffered an injury as a result of Defendant's invasion of her privacy, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## PARTIES

6.     Plaintiff Sarah Dodson is a natural person who resides in this District.

7.     Defendant, National Money Man 4 Cash Advance, LLC ("Money Man") is a Texas limited liability company.

8.     Money Man's registered agent is John F. Guillory, 363 N. Sam Houston Pkwy E., Ste 1100, Houston, TX 77060.

9.     Money Man does or transacts business in Illinois.

## FACTS

10.     Plaintiff received at least one call on her cellphone in or about November, 2019.

11.     Plaintiff did not pick up her phone, and the call was sent to her voicemail.

12.     Defendant had left a lengthy voicemail regarding a business loan and provided a call back number and website address.

13.     The voicemail was a prerecorded message.

14.     Use of such prerecorded messages indicates the use of an autodialer – a combination of hardware and software that can dial thousands of phone numbers with no human intervention.

15.     Money Man's business model is to knowingly use an autodialer to call cellular telephones it knows it does not have consent to call.

16.     On information and belief, Money Man obtains consumer's cellular phone numbers by purchasing lists of telephone numbers collected by other companies.

17.     As a result, many of these numbers are called without express consent of the consumer, who did not provide the number to Money Man in the first place.

18.     Upon information and belief, Money Man already keeps records and data from which it can determine which autodialed calls it made without consent, but has elected not to engage such to prevent TCPA violations for business reasons.

19.     Defendant knew about the TCPA before making the calls to plaintiff and the class, but made these autodialed and pre-recorded calls to cellular phones in spite of such knowledge.

20.     On information and belief, Money Man has used an autodialer for some of the calls which has the ability to dial sequential lists of phone numbers.

21.     The telephone calls were annoying to Plaintiff, invaded Plaintiff's privacy interests, and temporarily blocked use of her cellular telephone line for other potential callers.

22.     The telephone calls were intentionally, willfully and knowingly initiated.

23.     The telephone calls were not initiated by accident or mistake.

## CLASS ACTION ALLEGATIONS

24.     Plaintiff brings this action on behalf of a class consisting of:

**Automatic Telephone Dialing System Class**
All persons in the United States whose cellular telephone number, on or after four years prior to the filing of this action, Money Man called using the same or similar dialing system used to call Plaintiff, where such calling occurred without the person's permission.

25.     Plaintiff additionally brings this action on behalf of a subclass consisting of:

**Prerecorded Voice Class**
All persons in the United States whose cellular telephone number, on or after four years prior to the filing of this action, Money Man called using a prerecorded voice message to call Plaintiff, where such calling occurred without the person's permission.

26.     Upon information and belief, in the four years prior to the filing of this action, there were more than 100 persons whose cell phone number Money Man called without permission using the same equipment used to call Plaintiff.

27.     Common questions of law or fact exist as to all members of the class, which predominate over any questions solely affecting any individual member, including Plaintiff. Such questions common to the class include but are not limited to:

a.   Whether the calls to Plaintiff and the class were made using an "automatic telephone dialing system" as such term is defined or understood under the TCPA and applicable FCC regulations and orders;

b.   Whether the calls to Plaintiff and the class were made using a prerecorded message as such term is defined or understood under the TCPA and applicable FCC regulations and orders;

c.   Whether Money Man had prior express consent to the cell phone numbers of Plaintiff and the other members of the class; and

4

d. Damages, including whether any violations were performed willfully or knowingly such that Plaintiff and the other members of the class are entitled to treble damages under 47 U.S.C. § 227(b)(3).

28. Plaintiff's claims are typical of the claims of the other members of the class. The factual and legal bases of Money Man's liability to Plaintiff and the other members of the class are the same: Money Man violated the TCPA by causing automated calls to be made to the cellular telephone number of each member of the class, without permission.

29. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has no interests that might conflict with the interests of the class. Plaintiff is interested in pursuing her claims vigorously, and she has retained counsel competent and experienced in class and complex litigation.

30. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual action would entail. There are, on information and belief, thousands of class members, such that joinder of all members is impracticable.

31. No difficulties are likely to be encountered in the management of this action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

32. Defendant has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the class, thereby making relief appropriate with respect to the class as a whole. Prosecution of separate actions by individual members of the class, should they even

realize that their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

33.     The identity of the class is, on information and belief, readily identifiable from Defendant's records.

## COUNT I – TCPA – AUTOMATED TELEPHONE DIALING SYSTEM

34.     Plaintiff incorporates by reference paragraphs 1-34 above.

35.     Defendant contacted Plaintiff using an automated telephone dialing system, in violation of 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff Sarah Dodson, individually and on behalf of the class, respectfully requests that the Court enter judgment against Defendant for:

A.     Certification of the class as alleged herein;

B.     A declaration that Money Man violated the TCPA as to Plaintiff and the class;

C.     Injunctive relief aimed at ensuring the prevention of Money Man from violating the TCPA in the future, including:

1.     Requiring Money Man to hire a Court-approved, independent auditing company to (a) investigate all allegations of TCPA violations, and (b) audit no less than 10% of Money Man's outbound calls to ensure that Money Man had consent and that the consumer had not previously asked that calls stop, and (c) report the results of the above investigations to the Court and Plaintiff's counsel on a quarterly basis.

D. Damages pursuant to 47 U.S.C. § 227(b)(3)(B), for each and every nonconsensual call to each and every class member;

E. Treble damages pursuant to 47 U.S.C. § 227(b)(3), as to each violation;

F. Attorneys' fees and costs, as permitted by law; and

G. Such other or further relief as the Court deems just and proper.

## COUNT II – TCPA – ARTIFICIAL OR PRERECORDED VOICE

36. Plaintiff incorporates by reference paragraphs 1-34 above.

37. Defendant contacted Plaintiff using an artificial or prerecorded voice, in violation of 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff Sarah Dodson, individually and on behalf of the class, respectfully requests that the Court enter judgment against Defendant for:

A. Certification of the class as alleged herein;

B. A declaration that Money Man violated the TCPA as to Plaintiff and the class;

C. Injunctive relief aimed at ensuring the prevention of Money Man from violating the TCPA in the future, including:

1. Requiring Money Man to hire a Court-approved, independent auditing company to (a) investigate all allegations of TCPA violations, and (b) audit no less than 10% of Money Man's outbound calls to ensure that Money Man had consent and that the consumer had not previously asked that calls stop, and (c) report

7

the results of the above investigations to the Court and Plaintiff's

counsel on a quarterly basis.

D.      Damages pursuant to 47 U.S.C. § 227(b)(3)(B), for each and every call

employing the use of an artificial or prerecorded voice to each and every

class member

E.      Treble damages pursuant to 47 U.S.C. § 227(b)(3), as to each

violation;

F.      Attorneys' fees and costs, as permitted by law; and

G.      Such other or further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

By: s/Michael J. Wood
One of Plaintiff's Attorneys

Michael J. Wood
Celetha C. Chatman
**Community Lawyers LLC**
20 N. Clark Suite 3100
Chicago, IL 60602
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com

Michael W. Drew
**Neighborhood Legal LLC**
20 N. Clark Suite 3300
Chicago, IL 60602
Ph: (312) 967-7220
mwd@neighborhood-legal.com

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that Defendants take affirmative steps to preserve all recordings, data, emails, recordings, phone records, dialer records, documents and all other tangible things that relate to the allegations herein, plaintiff or the putative class members, or the making of telephone calls, the events described herein, any third party associated with any telephone call, campaign, telemarketing, account, sale or file associated with plaintiff or the putative class members, and any account or number or symbol relating to any of them.  These materials are very likely relevant to the litigation of this claim.  If any defendant is aware of any third party that has possession, custody or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials.  This demand shall not narrow the scope of any independent document preservation duties of the defendant.

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorneys' fees have been assigned to counsel.

By:  /s/ Michael J. Wood