IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SARAH DODSON, on behalf of herself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) Case No. 19-CV-07984 ) ) Hon. Steven C. Seeger |
| vs. | ) ) |
| NATIONAL MONEY MAN 4 CASH ADVANCE, LLC, and JOHN F. GUILLORY a/k/a JJ GUILLORY | ) Magistrate Judge Jeffrey Cole ) ) Jury Demanded ) ) |
| Defendants. | ) |

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST JOHN F. GUILLORY**

Plaintiff, Sarah Dodson ("Dodson"), through counsel, requests that this Court GRANT default judgment against Defendant, under Fed. R. Civ. P. 55(b)(1), against John F. Guillory a/k/a JJ Guillory.

**Introduction**

Dodson filed the class-action complaint naming National Money Man only on December 5, 2019. Summons was issued on December 11 to be served on John F. Guillory, National Money Man's president and registered agent. Dodson subsequently amended the complaint to add Guillory in his individual capacity on December 18. Summons for Guillory was issued on December 20.

Summons was accomplished as to Guillory in his individual capacity on February 27, 2020. Guillory, via mail, requested a 90-day extension of time to answer or otherwise plead, which was granted by this Court on April 13. ECF # 19. The Court set a deadline of June 19, 2020. *Id.*

1

On April 24, Chief Judge Pallmeyer issued the Third Amended General Order 20-0012 N RE: CORONAVIRUS COVID-19 PUBLIC EMERGENCY. ECF #20. The General Order, *inter alia,* extended all deadlines by 28 days. *Id.* Per the order, Guillory had until July 17, 2020 to respond to the First Amended Complaint. Guillory has not responded to the First Amended Complaint or requested other relief from this Court.

On August 12, 2020, Dodson moved this Court for an entry of default against National Money Man 4 Cash LLC and John F. Guillory. ECF 24. The Court entered default against John F. Guillory only. ECF 25. Defendant National Money Man 4 Cash LLC was subsequently dismissed as a defendant. ECF 27.

John F. Guillory was served with a copy of the Court's entry of default via USPS on August 26, 2020. ECF 28.

Plaintiff, through counsel, has sent a copy of this motion, accompanying exhibits, and the proposed default judgment order to Defendant John F. Guillory at his last known address via regular and certified mail and a copy of the return receipt will be filed with the Court when returned by the post office. Exhibit A, Affidavit of Michael Drew.

### Argument and Authority

**I. Jurisdiction**

This Court has federal question jurisdiction because the claims arise under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. This Court has personal jurisdiction over Guillory and National Money Man and venue is appropriate in this District under 28 U.S.C. § 1391(a) because Defendants do business in this District, made the calls that are the subject of this lawsuit to Plaintiff and others in this District, and because a substantial portion of the events

giving rise to this cause of action occurred in this District. *See,* First Amended Complaint, ECF 15, at ¶2.

## II. Legal Standard

Defaults are available when a party willfully disregards pending litigation. In *Calumet Lumber, Inc. v. Mid—America Indus., Inc.,* 103 F.3d 612 (7th Cir.1997), the court sustained entry of default judgment where counsel knowingly skipped a hearing and failed to answer a cross-claim altogether. *See also, Pretzel & Stouffer v. Imperial Adjusters,* 28 F.3d 42, 44 (7th Cir. 1994) (holding entry of default proper where party did not file its answer or attend a status hearing).

While defaults should not be entered "precipitately", *Sims v. EGA Products, Inc.*, 475 F.3d 865 (7th Cir. 2007), the Seventh Circuit has said that it "no longer follows the earlier doctrine disfavoring defaults," *O'Brien v. R.J. O'Brien & Associates, Inc.* 998 F.2d 1394, 1401 (7th Cir.1993) or default judgments. *Comerica Bank v. Esposito*, 215 Fed.Appx. 506, 508 (7th Cir. 2007).

A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action alleged in the complaint. *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989). However,

> when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true. The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.
> *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004) (citing *Credit Lyonnais Secs., Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)).

In the Seventh Circuit, judgment by default may not be entered without a hearing on damages unless "the amount claimed is liquidated or capable of ascertainment from definite

figures contained in the documentary evidence or in detailed affidavits." *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983) (collecting authority).

**III. Dodson is Entitled to the Maximum Statutory Damages Plus Costs of the Action**

Dodson sued Defendant under 47 U.S.C. § 227(b)(1)(A) of the Telephone Consumer Protection Act ("TCPA") based on a phone call she received that included a pre-recorded voice message from Defendant John G. Guillory. The TCPA provides $500 in statutory damages for a violation of § 227(b)(1)(A), which may be tripled, at the Court's discretion, in the case of a willful or knowing violation. 47 U.S.C. § 227(b)(3)(B). Dodson is not seeking actual damages, so the damages are essentially liquidated and/or ascertainable.

As a prevailing party, Dodson also requests the costs of the action be taxed against John F. Guillory under Fed. R. Civ. P. 54(d)(1). Total costs include the $400.00 filing fee and $75.00 for service on Guillory. *See,* Exhibit A, Affidavit of Michael Drew; Exhibit B, Service Invoice.

WHEREFORE, Plaintiff requests this court enter an order for default judgment against Defendant John F. Guillory in the total amount of $1,975.00 which includes $1,500 in tripled statutory damages and costs in the amount of $475.00 and for any other relief the court deems appropriate, in the form proposed by Plaintiff in the attached order. Exhibit C, Proposed Order. In the alternative, Plaintiff requests this court set a date for an evidentiary hearing to ascertain the total amount of judgment.

Submitted: August 31, 2020

By: s/Michael W. Drew

Michael W. Drew
**Neighborhood Legal LLC**
20 N. Clark Suite 3300
Chicago, IL 60602
Ph: (312) 967-7220
mwd@neighborhood-legal.com